<u>Court of Criminal Appeals</u>

<u>Re: Edward Roy Newsome T.D.C #437698</u>

<u>Trial Cause # 441673</u>     <u>COA # 14-14-00867-02</u>

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 17 2015
Abel Acosta, Clerk

Dismissed 02/17/15

FILED IN
COURT OF CRIMINAL APPEALS
FEB 17 2015
Abel Acosta, Clerk

<u>P.D. # 0102-15</u>

<u>Motion For leave to File for A New Trial and A New Punishment hearing</u>

To the Honorable Judge of said court:

The Appellant Edward Roy Newsome Argue and Request for Permission to Appeal for A <u>New trial</u> and <u>New Punishment hearing</u> to Reverse and Remand to Prove my Innocence and, that I am unlawfully Restrained and Confined <u>See Motion to File for A stay</u>, <u>Motion to Consolidate Appeals</u>, <u>Motion to extend time for Reconsideration in Rule 10.5(b)</u> and <u>Motion for A Rehearing</u> when the state must object to an Amended motion to New Trial, if it is Filed more than 30 days After the date of Sentence was imposed or the trial court may Grant it. <u>See State us Moore 225 S.W. 3d. 556 Tex. Crim. App. (2007)</u> because A defendant unsworn declaration Accompanying my Motion that use the Phrases According to my Brief and under the Penalty of Perjury Are sufficient to support A motion for A New Trial see <u>Bahm us State 219 S.W. 3d. 391 Tex. Crim. App. (2007)</u> on Presenting Motions A docket-sheet entry without A signed order is sufficient to show Presentment of A motion For A New Trial Filed the same day the

①

defendant claims to have presented it to the trial court see Stokes US State 277 S.W. 3d. 20 tex. Crim. APP. (2009) Against type of Evidence Allowed At hearing, because there is no Per se Rule that A trial court must hear testimony whenever there is A Factual dispute in Affidavit on A Motion For New trial and A Party Ask For testimony. A trial court Abuses its discretion only in failing to holding A hearing when A defendant Present A Motion For New trial matter that may not be determine From the Record see Holden US State 201 S.W. 3d. 761 tex. Crim. APP (2006) on Request For A hearing on A Motion For New trial is not Absolute See Rozelle VS State 176 S.W. 3d. 228, 230 tex. Crim. APP. (2005), Reyes US State 849 S.W. 2d. 812 tex. Crim. APP. (1993) with Supporting Affidavits Shawing that error occurred during trial on 11-14- (1986) See Rozelle 176 S.W. 3d At 230 when merely filing A Motion For A New trial does not constitute Presentment See Thompson US State 243 S.W. 3d. 774 tex. APP. Fort Worth 2007 Pet. Ref. (Present mean delivering the Motion to the court or bring the Motion to court Attention see Baker US State 956 S.W. 2d. 19 tex. Crim. APP. (1997) And Robinson US State 16 S.W. 3d. 808 tex. Crim. APP. (2000). The defendant must obtain A hearing on the Motion before the Motion For New trial is overRuled By

(2)

operation of law see Ryan vs State 937 S.W. 2d. 93 Tex. App. Beaumont 1996 Pet. Ref. A trial court may not grant a motion for a new trial base on grounds not raised in the motion see State vs Provost 205 S.W. 3d. 561 Tex. App. Houston 14th Dist. 2006 No Pet. New trial base on ineffective assistance not available when not raised by the defendant in my motion. And against unpreserved error a trial judge may - but does not have to grant a new trial on the basis of unpreserved trial error, such as an unrecorded bench conference, if that error is sufficiently serious to affect the defendants substantial rights see State vs Herndon 215 S.W. 3d. 901 Tex. Crim. App. (2007) Court Reporter failed to transcribe a bench conference and defendant did not preserved error against evidence allowed, the trial court can receive evidence in a motion for a new trial by affidavit or otherwise see Lopez vs State 895 S.W. 2d. 392 Tex. App. Corpus Christi (1994) No Pet., and on trial court ruling, the trial court must rule on a motion for a new trial within 75 day After imposing or suspending sentence in open court. Granting a motion for a new trial must be accompanied by written order. A docket entry does not constitute a written order see State vs Rinehart 97 S.W. 2d. At 542. A motion not ruled upon timely by written order will be deemed denied.

(3)

A trial court does not have Authority to Grant A motion for A New Trial on its own motion see Harris 958 S.W. 2d at 292. After 75 days period expires An order granting or denying A Motion for a New Trial become final and the trial court can not rescind it order see Awadelkarien 974 S.W. 2d. at 721 because granting a New Trial, A court must grant A New Trial when it has found A meriterious ground for A New Trial, but A court must grant only A New Trial on Punishment when it has found A ground that Affected only the Assessment of Punishment, Granting A New Trial Restores the case to its Position before the former Trial, including, Art Any Party action, Arraignment or Pretrial Proceeding Initiated By that Party, Granting A New trial on Punishment Restores the case to its Position After the defendant was found Guilty, unless the defendant, the state and trial court All Agree to A Change, Punishment in A New Trial shall be Assessed in accordance with the defendant original election under Article 37.07 § 2(b) of the code of Criminal Procedure, when A finding or verdict of Guilt in the former trial must not be Regarded As A Presumption of Guilt, Nor may it be Alluded to in the Presence of the Jury that hears the case on Retrial of Guilt. A finding of fact or An Assessment of Punishment in the former trial may not be Alluded to in the

Presence of the Jury that hears the case on Retrial of Punishment to prove my Innocence to Receive A Pardon through the Governor, in determining the legal sufficiency, to view the Evidence in the light most Favorable to the verdict, to determine whether any Rational trier of Facts could have found the Essential Element of the offense Beyond A Reasonable doubt see <u>Jackson US Virginia 443 U.S. 307, 319 S.Ct. 2781, 2789, 61 L.Ed.2d.560 (1979)</u> Against <u>Motion to Set Aside conviction</u>, <u>Motion to Set Aside verdict</u>, <u>Motion in Arrest of Judgment and Motion to Set Aside And Quash an Fundamental defective indictment</u> on an illegal and void <u>39 year sentence</u> For unAuthorized use of A Motor vehicle From denial of A Fair and impartial trial see <u>Tex.R.Evid.6066</u> And <u>Rule 21.3</u> on Request For Relief.

<u>Edward R Newsome</u>
Appellant Signature

<u>2-11-2015</u>
Date

<u>Certificate of Service Rule 9.5</u>
<u>Rule 2 Suspension of Rules</u>

The <u>Appellant Edward R. Newsome</u> verify the Statement made in this <u>Amended Affidavit of inability to Pay court Costs and initial Filing fees without Prepayment of fees For Finding of Facts and Conclusion of law and For Free Statement of Facts because I am indigent to File Motion For leave to File For A new Trial and New Punishment hearing</u> is true and correct under the penalty of perjury see <u>28 U.S.C.# 1746</u> For Purpose of <u>mail Box Rule 4(c)1, 2, 3(a)</u> For the original and copies of Records in <u>Rule 9.3(b)</u>, <u>Rule 34.5(c)</u>, <u>Rule 34.6(c)(4)</u>, <u>Rule 35.2(c)</u> And <u>35.3 (b)(3)</u> For Service Local <u>Rule 10.4.12c</u>

<u>Edward R Newsome</u>
Appellant Signature

<u>2-11-2011</u>
Date

⑤

# Court of Criminal Appeals

## Re: Edward Roy Newsone T.D.C. #437698

Trial cause # 441673

CCA # 14-14-00867CR
PD # 0102-15

## Amended Motion For leave to File Brief And Oral Argument in Rule 38.1(h)

To the Honorable Judge of said court:

The Appellant Edward R. Newsone Argue and Request For Permission to Appeal and file this Brief For an Oral Argument in Rule 38.1(h) and under Rule 68.11 and Rule 9.5 Service of the Petition, the Reply And any Amendment or Supplementation of A Petition or Reply must be made on the State Prosecuting Attorney At P.O. Box 12405 Austin TX 78711 For Reason For Granting Review under Rule 66.3 (a)-(f) And documents to Aid decision in Rule 66.4 or Rule 49.9 the Appellant Newsone Argue that I Am indigent And Request For Appointed counsel to Argue that I Am innocence to Remand Back For A clemency For Pardon For innocence under C.C.P. Article 48.01 to Receive written Recommendation From the Trial officials because my 39 Year sentence is illegal and void, because I am indigent when I was denied A FAIR And impartial trial And Request for want of Jurisdiction Against my subsequent Petition For discretionary Review Filed and Pending in the Court of Criminal Appeals under Rule 68.1 - 68.11 For disposition Related to merits on A New Trial Motion and For A New Punishment hearing For Finding of Facts

-1-

And Conclusion of law Against Free Statement of Facts in Rule 20.1 - 20.2 And Rule 38.1(a), to Present Issues or Points of Error in Rule 38.1(e) Against Summary of Arguments, from Cross Points Rule 38.2(b), for A Reply Brief in Rule 38.3, See Brief limit of 90 Pages in Rule 38.4 See Appendix in cases Recorded electronically in the trial court in Rule 38.5 for time to File Brief in Rule 38.6(a) with Motion to Extend time for Reconsideration in Rule 10.5(b) to Amend And Supplement in Rule 38.7 For disposition Related to merits on All other claims, on Failure of Appellant to File Brief in Rule 38.8(a) 1,2,3,4 because Brief Are meant to Acquaint the court with the Issue in A case And to Present Argument that will enable the court to decide the Case # 14-87-000-48-CR in Rule 38.9. See Recall on Mandate Rule 18.7 If An Appellate court vacate or modifies its Judgment or order After issuing its Mandate, the Appellate clerk must Promptly notify the clerk of the court to which the Mandate was directed And All Parties. the Mandate will have no effect And A new Mandate may be Issued, And under Brady Material 373 U.S. 83 (1963) the Prosecutor's has An Affirmative duty to turn over Exculpatory And Impeachment evidence on Perjury testimony, Jury Misconduct in Rule 606 And Rule 21.3 on A Request for A New Trial on deciding A verdict unfairly And Receiving other evidence when the Appellant Newsome Argue is entitled to one

-2-

APPEAL AS OF RIGHT AS MANDATED BY the Supreme Court of the United States see Douglas VS California 372 U.S. 353, 83, S.Ct. 814, 9 L.Ed.2d. 811 (1963) Further the 6th and 14th Amendment of the United States Constitution mandate that Appellant Newsome Received effective Assistance of Counsel on his 1st Appeal as a Right, and that, should an Appeal be dismissed for failure to comply with a State Appellate Rules, Such Appeal must be Remanded to the State Court of Appeals for a full hearing of the merits of the Appeal see Evitt VS Lucey 469 U.S. 387, 105 S.Ct. 830 83 L.Ed.2d. 821 (1986). The Appellant Newsome Argue and offer into evidence for further Review against my trial counsel William Paul Mewis on ineffective Assistance of Counsel because he failed to investigate my case and witnesses. A Preponderance of newly discovered evidence demonstrates that but for a Violation of the United State Constitution, No Rational Juror would have convicted me against unauthorize use of a Motor vehicle when an unknown Black Houston Police officer Perjured his testimony of a high speed chase in a stole car. that never occurred. when the Records Reveals that I was never Charge or convicted of invading Arrest And also the Arresting officer a white male was never Subpoena to testify at trial how I was Arrested And my trial counsel William Paul Mewis violated my 6th Amendment Rights when he demonstrated on a Chalk board how I committed the crime from an Houston Police officer Perjure testimony And this Prevented my trial counsel William Paul Mewis from asking for a Mistrial or

-3-

ACQuittal AGAinst No Evidence And Also my trial Counsel William Paul Mewis denied me A fair trial when he failed to object to the use of my Prior Enhancement ParaGraph and extraneous offenses during the Punishment hearing harmed me to Get convicted AGAinst Double JeoPardy and he failed to object AGAinst the Jury CharGe would have ChanGe the outcome of the Verdict See Motion to Set Aside conviction, Motion to Set Aside Verdict And Motion IN Arrest of Judgment AGAinst Motion to Set Aside An fundamental defective Indictment, due to Ineffective Assistance of Counsel failed to investiGate the Validity of Prior Convictions and extraneous offenses to object to their use. The Prior Convictions and extraneous offenses Are over 10 Year old Are No Longer here to use As Punishment and my 39 Year Sentence is excessive on Request to Reverse And Remand for Further Review. the Conviction while infirm due to Ineffective Assistance of Counsel was facially still Available for Such use, but here the infirmity is Called to the Attention of the trial court. The Appellant Newsome object on the Grounds of effective Assistance of Counsel AGAinst Prior Enhancement ParaGraph and extraneous offenses, IN SuPort of my objection, the Statement of facts, the transcript and my Brief from the Prior Convictions and extraneous offenses Along with A coPy of the Court oPinion Affirming the Conviction, A Conviction had with Attorneys Rendering Ineffective Assistance is Constitutionally infirm See Strickland vs Washington 466 U.S. 668, 104 S.Ct. 2052, 80, L. Ed. 2d. 674 (1984) And Hernandez vs State 726 S.W. 2d 53 Tet. Crim. APP. (1986) Require

A showing that counsels Representation Fell Below an Objected Standard of Reasonableness And these deficient Performance Prejudiced the defense to the degree that there is A Reasonable Probability that but for the Attorneys deficiency, the Result of the trial would have Been different and the Result of my Appeal would have Been different See C.C.P. Article 36.19, Not the Beyond A Reasonable doubt Standard of Rule 44.2(a) — is the Appropriate Standard of harmless error Review For An unObjected to error in the trial court's Charge that was claimed to Violate A Constitutional Provision; See Jimnez vs State 32 S.W. 3d. 233 Tex-Crim. App (2000). In Texas, the Criminal law that corresPond to unPreserved error is called Plain error or Fundamental error. The court explained that Fundamental error in Jury Charges is Reviewed Pursuant to Article 36.19 Not Rule 44.2(a). the eGreGious harm test is Proper Standard For Review when, without obJection, A Jury Charge include A defensive issue, but Fails to contain the defensive issue in the APPlication PARAGRAPH. See State VS BARRERA 982 S.W. 2d. 415 Tex-Crim. App (1998). the court decided that Review of the Jury Charge error in BARRERA was controlled By article 36.19 And Almanza VS State 686 S.w. 2d. 157 Tex. Crim. App. (1984). Under Almanza, A defendant who complains on Appeals of an unObJected-to error in the charge is entitled to Reversal. Neither harm Standard set out in article 36.19 as construed by Almanza VS State 686 S.W. 2d at 157 APPlies unless an APPellate Court First Finds

-5-

error in the Jury Charge see Posey US State 966 S.W. 2d. 57 tex. crim. APP (1998). Neither Article 36.19 nor Almanza apply in determining whether there was an error in the Jury Charge. This is because neither harm standard to Jury Charge error set out in Article 36.19 as construed by Almanza Applies unless the Record first shows that any Requirement of various Statutory Provisions Reference in Article 36.19 has been disRegarded. This defines the error for purpose of Almanza. Posey 966 S.W. 2d. At 60 Also see Hutch US State 922 S.W. 2d. 166 tex. crim. APP (1996). The sufficiency of the evidence should not be measure by the Jury Charge see Malik US State 953 S.W. 2d At 234, Blanco US State 962 S.W. 2d At 46. The Malik decision overRuled the Benson - Boozer line of Cases, Benson US State 661 S.W. 2d. At 708, cert. denied 467 U.S. 1219 (1984) And Boozer US State 717 S.W. 2d At 608. The harmless error Rule in Article 36.19 Applies to Appellate Review of error in failing to Reduce A Jury Instruction concerning evidence Obtained in violation of the law under Article 38.23 And Atkinson US State 923 S.W 2d. 21 tex. crim. APP (1996). On 11-14-1986 my Trial Counsel William Paul mewis Gave notice of Appeal After the Jury found the Appellant Mewsome Guilty unlawfully Against unAuthorize use of A motor vehicle And the court APointed APPellate Counsel Kristine Woldy And I wasn't Adequately Represented by APPellate Counsel Kristine Woldy on Direct APPeal during 30 days Period in which to File A Motion For New Trial and defendant was entitled to Remand

- 6 -

to my cause in order to Recommence the time period For Filing A Motion to Abate Appeal and leave to File out of time Appeal to File A Motion For A New trial because without doubt the hearing on A Motion For New Trial Rule 35.2(C) is A critical stage of the Proceeds. It is the only Opportunity to Present to the trial Court Certain matters that warrent A New trial, And to make A Record on those matters For Appellate Review. When Counsel ABandons A defendant during A 30 days Period, the defendant is denied his Constitutional Rights. Both the United States Supreme Court And Court of Criminal Appeals have Acknowledged that with 6th Amendment Violation Such As the Actual or Constructive denial of Counsel Altogether At A Criticle Stage of the Criminal Proceeding Prejudiced is Presumed see Jack vs State 64 S.W. 3d At 694; Rule 2 And Rule 43.6 to Reverse And Remand For Further Review, And offer into Evidence An Objection Against 14th Court of Appeals Justices Affirming my Direct Appeal on 3-24-1988 And Court of Criminal Appeals Refusing And denying my Petition For Discretionary Review on 4-12-1989 And Also offer into Evidence An Objection Against 14th Court of Appeal Justice Frost As Chief, Justice Boyce and Mccally dismissing Appeal For want of Jurisdiction in my out of Time Appeal under CA# 14-14-00867-CR WAS Abuse of discretion, because A Preponderance of newly discovered evidence demonstrates by clear and convincing evidence that a jury would Acquit the Appellant base on newly discovered evidence, because NO REASonABle

-7-

Judge would have convicted the Appellant Newsome in light of the new evidence, the constitutional error probably resulted in a conviction of one was actually innocence, because the evidence that was not known to the Appellant Newsome at the time of trial and could not be known to me even with the exercise of due diligence, and I can not rely upon evidence or facts that were available at the time of my trial, plea, or post trial motion such as Motion for New trial, on Request for Relief Against denial of a fundamental right against a miscarriage of justice, because I was harm from a fair and impartial when I was sentence to an illegal and void 39 Year Sentence see C.C.P. Article 44.01 (a)(2) Against no evidence on Violation Against an liberty interest when I was Revoke on 6-16-2004 at Harris County Jail at my Revocation hearing and sent to prison unlawfully see 910 S.W. 2d. at 481 and 483 on Request to Remand for a Revocation hearing or to discharge from texas Department of Criminal Justice because Parole Supervision is considered a form of confinement or collateral consequences resulting from the conviction are definite and specific, where the court has misdirected the Jury As to the law or has committed some other material error calculated to injure the Right of the Accused, where the verdict has been decided by lot or in any manner than by a fair expression of opinion by Juror, where a Juror has received a bribe to

-8-

convict or has Been Guilty of any other corrupt conduct, where any material witness of the state and defendant has By force, threats or fraud Been Prevented from Attending the court, or where any evidence tending to Establish the innocence of the Accused see Rule 143.1 has been intentionally destroyed or withheld Preventing its Production At trial, when new evidence favorable to the Accused has Been discovered since trial, where After Retiring to deliberate the Jury has Received other evidence, or where A Juror has conversed with any other Person in Regard to the case, where the court finds the Jury has Engaged in such misconduct that the Accused has not Received A fair and impartial trial and where the verdict is contrary to the law and Evidence, in determining the legal sufficiency to view the Evidence in the light most favorable to the verdict, to determine whether any trier of facts could have found the essential Element of the offense Beyond A Reasonable doubt see Jackson vs Virginia 443 U.S. 307, 319, S.Ct. 2781, 2789, 61 L. Ed. 2d. 560 (1979) on Request to Reverse and Remand for A New Trial and New Punishment hearing to Prove my innocence under CCP Article 44.29 to conduct A clemency hearing for A full Pardon for innocence on All written Recommendation to the Trial Court Rm # 179 in Harris County Tx to the Trial Judge, District Attorney and sheriff to Be forward to the Texas Department of criminal Justice and to the Board of Pardons and Paroles Against deprivation of my Civil Rights and Constitutional Rights see Rule 48.1 for Relief.

See Pending Clemency Application Awaiting on Reversal and Remand for Extinction of my Prior Criminal History After Acquittal see Rule 55.01(a)

2-11-2015
Date

Edward R. Newsome
Appellant Signature

## Certificate of Service Rule 9.5
## Rule Suspension of Rules

The Appellant Edward R. Newsome verify the Statement made in this Amended Affidavit of Inability to Pay Court Costs and initial Filing fees without Prepayment of fees to File Motion for leave to File Brief and Oral Argument in Rule 38.1(h) is true and correct under the Penalty of Perjury See 28 U.S.C. 1746 for Purpose of mail Box Rule 4(c) 1, 2, 3, (d) for the Original and Copies of Records in Rule 9.3(b), Rule 34.5(c), Rule 34.6(c)(4) Rule 35.2(c) and Rule 35.3(b)(3). For Service in Jail Rule 10, 11, 12 (c) and Benefits.

2-11-2015
Date

Edward R. Newsome
Appellant Signature